IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14-CV-00702-RJC-DSC

| | |
|---|---|
| BEHNAM ARYAFAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| v. ) | |
| ) | |
| SOUTH PIEDMONT COMMUNITY ) | |
| COLLEGE, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the "Motion to Dismiss of Defendants The North Carolina State Board of Community Colleges and The North Carolina Community College System," Doc. 19, and the parties' associated briefs and exhibits, Docs. 20 and 21.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the Motion is ripe for determination.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Accepting the allegations of the Complaint, Doc. 1, as true, South Piedmont Community College ("SPCC") is a North Carolina community college located in Polkton, North Carolina. SPCC is a part of the North Carolina Community College System ("NCCCS"). The North Carolina State Board of Community Colleges ("the State Board") is an agency of the State of North Carolina established pursuant to N.C. Gen. Stat. § 115D-2.1.

On September 16, 2014, SPCC hired Plaintiff Behnam Aryafar as a faculty member.

Plaintiff alleges that on September 30, 2014, a number of personal photographs from his computer were inadvertently displayed to his students during class. Plaintiff represents that the photographs were taken on a cruise, but denies that they contained any offensive subject matter. Plaintiff claims that on October 16, 2014, he was terminated without due process for refusing to waive his constitutional rights and allow SPCC to scan and view the contents of his computer. He was also summarily ordered to surrender his SPCC identification card and office key. Thereafter, he made numerous unsuccessful requests for reinstatement or a hearing to contest his termination.

Plaintiff filed his Complaint, Doc. 1, on December 17, 2014 alleging six causes of action. The first and second causes of action are directed at all Defendants, including the State Board and NCCCS, and are the subject of the instant Motion. Plaintiff alleges, pursuant to 42 U.S.C. § 1983, that he was unlawfully terminated by SPCC without due process for refusing to waive his constitutional right to be free from unreasonable searches and seizures by the state. He alleges that NCCCS manages, operates, controls and sets policy for fifty-eight colleges in North Carolina including SPCC. He alleges that the State Board has ultimate authority over and manages, controls and sets policy for NCCCS and SPCC. Plaintiff seeks "declaratory relief, reinstatement, injunctive relief, compensatory damages, consequential damages, emotional distress damages, contractual damages, statutory and liquidated damages, punitive damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and the costs of the action, any damages allowable by law, rule or regulation, and such other, further, and different relief as the Court deems just and proper." Doc. 1 at ¶¶ 87 and 102.

On February 22, 2015, Defendants State Board and NCCCS filed this Motion to Dismiss. Doc. 19. Defendants argue that the Court lacks jurisdiction over them because they are subject to

immunity under the Eleventh Amendment. Additionally, Defendants argue that Plaintiff's Complaint fails to state plausible claims against them. The Motion to Dismiss has been briefed and is now ripe for review.

## II. STANDARD OF REVIEW

The existence of federal subject matter jurisdiction is a threshold issue. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir.1999). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000)(citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Subject matter jurisdiction is so limited that federal "[c]ourts have an independent obligation to determine whether subject matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) (internal citations omitted). "No party can waive the defect, or consent to [subject matter] jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). A challenge to a court's subject matter jurisdiction may be raised at any time and is properly considered on a motion under Federal Rule of Civil Procedure 12(b)(1). See Fed.R.Civ.P. 12(b)(1) and 12(h). The burden of proving subject matter jurisdiction in response to a Rule 12(b)(1) motion rests with the plaintiff, the party asserting jurisdiction. See Williams v. United States, 50 F.3d 299, 304 (4th Cir.1995).

As noted in Haley v. Virginia Department of Health, "[t]he Fourth Circuit has not resolved whether a motion to dismiss based on the Eleventh Amendment is properly considered pursuant to Rule 12(b)(1) or Rule 12(b)(6)…The recent trend, however, appears to treat Eleventh

Amendment immunity motions under Rule 12(b)(1) [which provides for the dismissal of claims over which the court lacks subject matter jurisdiction]." Haley, No. 4:12–cv–0016, 2012 WL 5494306, at *2 n. 2 (W.D. Va. Nov. 13, 2012). See e.g., Andrews v. Daw, 201 F.3d 521, 525 n. 2 (4th Cir. 2000) ("Our cases have been unclear on whether a dismissal on Eleventh Amendment immunity grounds is a dismissal for failure to state a claim under Rule 12(b)(6) or a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1)."); Beckham v. Nat'l R.R. Passenger Corp., 569 F.Supp.2d 542, 547 (D. Md. 2008) ("[A]lthough the Eleventh Amendment immunity is not a 'true limit' on this Court's subject matter jurisdiction, the Court concludes that it is more appropriate to consider their argument under Fed.R.Civ.P. 12(b)(1) because it ultimately challenges this Court's ability to exercise its Article III power." (internal citations omitted)).

### III. **DISCUSSION OF CLAIMS**

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const., Amend. XI. Although the Eleventh Amendment expressly provides the states with immunity from suits brought by "citizens of another state, or by citizens or subjects of any foreign state," this bar has been extended to suits brought by a state's own citizens. Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267–68 (1997). The immunity afforded to the states has also been extended to "state agents and state instrumentalities." Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997); Lee–Thomas v. Prince George's Cnty. Pub. Schs., 666 F.3d 244, 248 (4th Cir. 2012).

Defendant State Board is established pursuant to N.C. Gen. Stat. § 115D-2.1. The State Board's authority and duties are set forth, inter alia, in N.C. Gen. Stat. § 115D-5. North Carolina

General Statutes § 115D-5(a) gives the State Board the overarching authority to "adopt and execute such policies, regulations and standards concerning the establishment, administration, and operation of institutions as the State Board may deem necessary to insure the quality of educational programs, to promote the systematic meeting of educational needs of the State, and to provide for the equitable distribution of State and federal funds to the several institutions."

Defendant NCCCS is established pursuant to N.C. Gen. Stat. § 115D-3 as "a principal administrative department of State government under the direction of" the State Board, with "authority to adopt and administer all policies, regulations, and standards which it deems necessary for the operation of the System Office." N.C. Gen. Stat. § 115D-3.

The Court concludes that the State Board and NCCCS are agencies of the State of North Carolina and shielded by the Eleventh Amendment. See Blackburn v. Trustees of Guilford Tech. Cmty. Coll., 822 F.Supp.2d 539, 545-46 (M.D.N.C. 2011); Conlin v. Southwestern Community College, No. 2:99-cv-247, 2001 WL 1019918, at *2-3 (W.D.N.C. Jan. 24, 2001) ("The North Carolina Community College System and its constituent colleges are agencies of the State of North Carolina by virtue of their creation and governance under Chapter 115D of the North Carolina General Statutes.").

However, the Eleventh Amendment's bar to suit is not absolute. There are three recognized exceptions to the bar against suits. Lee–Thomas, 666 F.3d at 249. First, "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority." Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001) (internal quotation marks and alterations omitted). In the instant Complaint, Plaintiff raises no claims of congressional abrogation. Second, "[a] State remains free

to waive its Eleventh Amendment immunity from suit in a federal court." Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 618 (2002). Plaintiff has not argued any waiver in this case. Third, a plaintiff may seek prospective relief against state officials acting in violation of federal law under the principles set forth in Ex parte Young, 209 U.S. 123 (1908). Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004). Since Plaintiff seeks reinstatement, the Court will examine this exception more closely.

The Supreme Court has stated that Ex parte Young established "an important limit on sovereign immunity" which has "for more than a century" allowed "federal courts to vindicate federal rights." Va. Office for Prot. & Advocacy v. Stewart, ––– U.S. –––, 131 S.Ct. 1632, 1638 (2011). This exception, however, is quite narrow. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89,113, n. 25 (1984). First, the private litigant must bring the action against the proper state officials. Lee–Thomas, 666 F.3d at 249. Second, the relief must be properly categorized as prospective and injunctive in nature, as "[f]ederal courts may not award retroactive relief, for instance, money damages or its equivalent." Frew ex rel. Frew, 540 U.S. at 437. To determine whether a claim is permissible under Ex parte Young, the court "'need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" Stewart, 131 S.Ct. at 1639 (2011) (quoting Verizon Md. Inc. v. Public Serv. Comm'n of Md., 535 U.S. 635, 645 (2002)).

Here, the Court finds that Plaintiff cannot rely on Ex Parte Young. This action is brought against the State Board and NCCCS as opposed to any state officials. See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993)(Eleventh Amendment exception under Ex parte Young applies only to prospective relief against state officials and has no application in suits against the States and their agencies.); Lee–Thomas, 666 F.3d at 249.

Consequently, the undersigned finds that the Eleventh Amendment bars all of the claims asserted by Plaintiff against the State Board and NCCCS. Therefore, the Court lacks subject matter jurisdiction and the undersigned respectfully recommends that the claims against the State Board and NCCCS be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

## IV. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that the "Motion to Dismiss of Defendants The North Carolina State Board of Community Colleges and The North Carolina Community College System," Doc. 19, be **GRANTED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED**.

Signed: April 17, 2015

David S. Cayer
United States Magistrate Judge