IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-702-RJC-DSC

| BEHNAM ARYAFAR | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER |
| SOUTH PIEDMONT COMMUNITY COLLEGE, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Plaintiff Behnam Aryafar's Motion for a Preliminary Injunction, (Doc. No. 8), Defendants' Response in Opposition, (Doc. No. 10), and related pleadings. For the reasons stated below, the Court will deny Plaintiff's Motion.

I.   BACKGROUND

South Piedmont Community College ("SPCC") is a North Carolina community college located in Polkton, North Carolina. (Doc. No. 1: Complaint at 2). Stanley Sidnor was President and Susan Flake was Associate Vice President of Human Resources at SPCC during the relevant time period. (Id. at 3-4). SPCC is a part of the North Carolina Community College System ("NCCCS," previously the North Carolina Department of Community Colleges). (Id. at 2). The North Carolina State Board of Community Colleges ("the State Board") is an agency of the State of North Carolina established pursuant to N.C.G.S. § 115D-2.1. See N.C.G.S. § 115D-2.1, -3, -5.

On September 16, 2014, SPCC hired Aryafar as an instructor for nine months at an annual salary of $43,500, or $3,625 monthly. (Doc No. 8: Memorandum, Exhibit 1). Plaintiff's

1

employment was subject to the SPCC College Handbook. (Id., Doc. No. 10: Response, Exhibit A).  On September 30, 2014, photographs from Aryafar's personal computer, which he claims were taken on a cruise and not offensive, were displayed to students at the beginning of a class. (Doc. No. 1: Complaint at 7-8).  A student, however, complained that Aryafar had shown inappropriate photos. (Doc. No. 10: Flake Aff. ¶10).  On October 16, 2014, Flake and other school officials confronted Aryafar about the incident and requested permission to review the photographs on his computer. (Doc. No. 1: Complaint at 10-11).  Flake informed Aryafar that if he did not consent he would be placed on unpaid administrative leave while an investigation was conducted. (Id. at 12).  Defendants claim Aryafar resigned when he left the meeting, (Doc. No. 10: Response at 3-4), while he contends he was wrongfully terminated without due process for refusing to waive his constitutional rights. (Doc. No. 1: Complaint at 14).

Aryafar initiated this law suit December 17, 2014, alleging six causes of action in his Complaint.  First, he claims Defendants, as state actors, deprived him of a property and contractual right to employment at SPCC without due process by subjecting him to an unreasonable search, in violation of the Fourth and Fourteenth Amendments to the United States Constitution. (Id. at 19-21).  Second, he states that claim as a violation of 42 U.S.C. § 1983. (Id. at 21-23).  Third, Aryafar alleges that SPCC breached its contract with him by failing to provide due process outlined in the college's handbook. (Id. at 23-25).  Fourth, he claims SPCC and Sidnor negligently hired and supervised Flake. (Id. at 25-28).  Fifth, Aryafar charges that SPCC failed to properly pay him in violation of the North Carolina Wage and Hour Act, N.C.G.S. §§95-25.6, 95.25.7. (Id. at 28-29).  Finally, he asserts that Flake defamed and slandered him to unnamed third-parties. (Id. at 29-30).  Aryafar seeks declaratory relief, reinstatement, and

monetary damages. (Id. at 30-31). In the instant Motion for a Preliminary Injunction, Aryafar seeks reinstatement to the faculty position at SPCC, (Doc. No. 8 at 1), which Defendants oppose, (Doc. No. 10: Response at 1).

## II. DISCUSSION

Federal Rules of Civil Procedure 65(a) and (b) provide that, upon a proper showing, a court may issue a preliminary injunction with notice to the adverse party and that a court may issue a temporary restraining order without notice to the adverse party. Fed. R. Civ. P. 65(a)-(b). A preliminary injunction is an extraordinary remedy, the primary function of which is to protect the status quo and to prevent irreparable harm during the pendency of a lawsuit. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 525 (4th Cir. 2003). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Vill. of Gambell, Alaska, 480 U.S. 531, 542 (1987). An injunction is a matter of equitable discretion; it does not follow from success on the merits as a matter of course. Weinberger v. Romero-Barcelo, 456 U.S. 305, 313 (1982) ("[A] federal judge sitting as chancellor is not mechanically obligated to grant an injunction for every violation of law."). A preliminary injunction is to be granted only if no adequate remedy at law exists and the moving party clearly establishes the requisite entitlement. Federal Leasing, Inc. v. Underwriters at Lloyd's, 650 F.2d 495, 499 (4th Cir. 1981).

A plaintiff seeking a preliminary injunction must establish four elements, including that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). A plaintiff

3

must demonstrate more than just a "possibility" of irreparable harm and a strong showing of likelihood of success on the merits. Winter, 555 U.S. at 22.

Here, Aryafar's claim for injunctive relief centers on his desire to be reinstated to the instructor position at SPCC. (Doc. No. 8 at 1). The letter offering him employment states the position would last for nine months, from September 16, 2014 to May 15, 2015. (Id., Exhibit 1). That period has now expired; therefore, there is no position to which to reinstate Aryafar, even if he satisfied the required elements for preliminary relief. His claims for monetary damages from his allegedly unlawful termination and treatment by Defendants do not constitute "irreparable harm." Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp., 17 F.3d 691, 694 (4th Cir. 1994) ("Where the harm suffered by the moving party may be compensated by an award of money damages at judgment, courts generally have refused to find that harm irreparable.").

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Motion for Preliminary Injunction, (Doc. No. 8), is **DENIED**.

Signed: September 28, 2015

Robert J. Conrad, Jr.
United States District Judge

4