IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-702-RJC-DSC

| | |
|---|---|
| BEHNAM ARYAFAR ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| SOUTH PIEDMONT COMMUNITY ) | |
| COLLEGE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on the motion of Defendants North Carolina State Board of Community Colleges (State Board) and the North Carolina Community College System (NCCCS) to dismiss, (Doc. No. 19), Plaintiff Behnam Aryafar's two causes of action against them, (Doc. No. 1: Complaint at 19-23), and related pleadings. For the reasons stated below, the Court will grant Defendants' motion.

I.  BACKGROUND

Taking the allegations in the Complaint as true, as required at this stage in the proceedings, South Piedmont Community College ("SPCC") is a North Carolina community college located in Polkton, North Carolina. (Doc. No. 1: Complaint at 2). Stanley Sidnor was President and Susan Flake was Associate Vice President of Human Resources at SPCC during the relevant time period. (Id. at 3-4). SPCC is a part of the North Carolina Community College System ("NCCCS," previously the North Carolina Department of Community Colleges). (Id. at 2). The North Carolina State Board of Community Colleges ("the State Board") is a state entity with authority over NCCCS and SPCC. (Id.).

On September 16, 2014, SPCC hired Aryafar as an instructor for nine months at an annual salary of $43,500. (Doc. No. 1: Complaint at 5). Plaintiff's employment was subject to the SPCC College Handbook. (Id.). On September 30, 2014, photographs from Aryafar's

1

personal computer, which he claims were taken on a cruise and not offensive, were displayed to students at the beginning of a class. (Id. at 7-8). On October 16, 2014, Flake and other SPCC officials confronted Aryafar about the incident and requested permission to review the photographs on his computer. (Id. at 10-11). Flake informed Aryafar that if he did not consent he would be placed on unpaid administrative leave while an investigation was conducted. (Id. at 12). Aryafar contends he was wrongfully terminated without due process for refusing to waive his constitutional rights. (Id. at 14).

Aryafar initiated this law suit December 17, 2014, alleging six causes of action in his Complaint. First, he claims Defendants, as state actors, deprived him of a property and contractual right to employment at SPCC without due process by subjecting him to an unreasonable search, in violation of the Fourth and Fourteenth Amendments to the United States Constitution. (Id. at 19-21). Second, he states that claim as a violation of 42 U.S.C. § 1983. (Id. at 21-23). Third, Aryafar alleges that SPCC breached its contract with him by failing to provide due process outlined in the college's handbook. (Id. at 23-25). Fourth, he claims SPCC and Sidnor negligently hired and supervised Flake. (Id. at 25-28). Fifth, Aryafar charges that SPCC failed to properly pay him in violation of the North Carolina Wage and Hour Act, N.C.G.S. §§95-25.6, 95.25.7. (Id. at 28-29). Finally, he asserts that Flake defamed and slandered him to unnamed third-parties. (Id. at 29-30). Aryafar seeks declaratory relief, reinstatement, and monetary damages. (Id. at 30-31). The Court previously denied his request for a preliminary injunction to reinstate him to the faculty position at SPCC because the time period for employment in his contract had expired. (Doc. No. 25: Order).

In the instant motion, the State Board and NCCCS move to dismiss Aryafar's first two causes of action as to them on the basis of North Carolina's Eleventh Amendment immunity from suits for monetary damages; therefore, under Federal Rule of Civil Procedure 12(b)(1), they argue the Court lacks subject matter jurisdiction. (Doc. No. 19: Motion at 1). They also claim, under Rule 12(b)(6), that Aryafar has failed to state a claim upon which relief can be granted

against them. (Id. at 2). Aryafar counters that the State Board and NCCCS have not shown they are entitled to immunity and that they bear responsibility for the alleged deprivation of his constitutional rights. (Doc. No. 21: Response at 9-18). A magistrate judge considered the issues and recommended that the Motion to Dismiss should be granted based on a finding that the State Board and NCCCS are agencies of the State of North Carolina shielded by the Eleventh Amendment. (Doc. No. 22: Memorandum and Recommendation (M&R)). Aryafar timely filed Objections, (Doc. No. 23), to which Defendants have replied, (Doc. No. 24); therefore, this matter is ripe for decision.

II. STANDARD OF REVIEW

The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). De novo review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct the court to a specific error in the magistrate judge's recommendations. Orpiano v. Johnson, 687 F.2d 44 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 178 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly this Court has conducted a careful review of the magistrate judge's M&R. In his Objections, Aryafar faults the magistrate judge for: (1) placing the burden on him to disprove the applicability of Eleventh Amendment immunity; (2) applying the wrong test for immunity; (3) concluding that Defendants

are entitled to immunity; and (4) not addressing his request to re-plead the causes of action to name individual officers of the State Board and NCCCS. (Doc. No. 23).

III. DISCUSSION

   A. Immunity

It is appropriate to consider Defendants' claim of immunity as a challenge to the Court's subject matter jurisdiction. See Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 769 (4th Cir. 1991)(considering whether Quiet Title Act waived sovereign immunity of the United States under Rule 12(b)(1)); Adkins v. Rectors and Visitors of George Mason Univ., 2015 WL 5638102 (E.D. Va. Sept. 23, 2015) (assertion by state-funded university of Eleventh Amendment immunity to § 1983 claims properly considered under Rule 12(b)(1)). Ordinarily, a plaintiff bears the burden of proving subject matter jurisdiction when a Rule 12(b)(1) motion challenge is raised. Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768. However, a defendant bears the burden of demonstrating sovereign immunity under the Eleventh Amendment when seeking dismissal under Rule 12(b)(1).[1] Hutto v. South Carolina Retirement System, 773 F.3d 536, 543 (4th Cir. 2014).

Aryafar does not dispute the proposition that the Eleventh Amendment prohibits suits against a State or that such immunity extends to an agency considered an arm of a State. Rather, he contends that the State Board and NCCCS do not meet the multi-factored test articulated in Ram Ditta v. Maryland Nat'l Capital Park and Planning Comm., 822 F.2d 456 (4th Cir. 1987). (Doc. No. 23: Objections at 10). That case addressed whether a regional park commission was immune where it was shown that any judgment against the commission would not be paid by the state treasury. Ram Ditta, 822 F.2d at 457-58. Courts in the Fourth Circuit, however, have had

---

[1] Accordingly, the Court does not adopt the portion of the M&R which held that a plaintiff bears the burden of proving subject matter jurisdiction in this instance, citing Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995). Nevertheless, the correctness of the magistrate judge's ultimate conclusion that Defendants are immune is not affected.

4

no hesitation about concluding that North Carolina community colleges, universities, and governing boards are entitled to Eleventh Amendment immunity as arms of the State. Huang v. Bd. of Gov. of the Univ. of North Carolina, 902 F.2d 1134, (4th Cir. 1990) (plaintiff properly conceded that state university and board were immune from money damages and § 1983 claims); Blackburn v. Trustees of Guilford Technical Community College, 822 F. Supp. 2d 539, 543 (M.D.N.C. 2011) (state-funded community college immune from private lawsuit in federal court).

A court may look beyond the face of the complaint and consider evidence outside the pleadings without converting a 12(b)(1) motion to dismiss into a motion for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Here, the magistrate judge considered the enabling statutes for the State Board and NCCCS. (Doc. No. 22: M&R at 4-5). North Carolina General Statutes § 115D-2.1, et seq., establish that the State Board and NCCCS are funded by State, do not exercise autonomy apart from the State, are involved in statewide concerns, and are treated as agencies of the State; thus, the Ram Ditta test is met in this case. For example, the Treasurer of North Carolina and other state officials are members of the State Board. N.C.G.S. § 115D-2.1(b)(2). The salary of the President and staff of the NCCCS are paid with funds from the North Carolina General Assembly. N.C.G.S. § 115D-3. Recommendations by the State Board to establish community colleges are subject to the availability of State financial support. N.C.G.S. § 115D-4. The State Board, in tandem with the Board of Governors of the University of North Carolina, is required to report to the General Assembly about any problems with students transferring from community colleges to four year colleges. N.C.G.S. § 115D-4.1. The State Board has clearly defined responsibilities and limitations on its authority to promote the educational needs of the State. N.C.G.S. § 115D-5.

Aryafar has not alleged that a judgment for monetary damages against Defendants would be paid from a non-State source. Therefore, the magistrate judge correctly concluded that Defendants are entitled to Eleventh Amendment immunity as arms of the State of North Carolina

and Aryfar's objections, with the exception of which party bears the burden regarding subject matter jurisdiction, are without merit. It follows, then, that the first two causes of action should be dismissed as to Defendants for lack of subject matter jurisdiction under Rule 12(b)(1).

B.       Failure to State a Claim

Alternatively, a motion to dismiss pursuant to Rule 12(b)(6) should be granted if it appears that a plaintiff cannot prove any set of facts in support of his claim entitling him to relief. Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). A complaint must simply contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). However, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 696 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and shows more than "a sheer possibility that a defendant has acted unlawfully." Id.

Here, the gravamen of Ayafar's first two causes of action is that SPCC officials, as state actors, deprived him of a property and contractual right to employment at SPCC without due process by subjecting him to an unreasonable search of his computer at the October 16 meeting, in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. (Doc. No. 1: Complaint at 19-23). No factual assertions connect the State Board or NCCCS to actions taken during and after the meeting. The generalized statements that "SPCC is governed by" the State Board and "SPCC is an entity, division, or department" of NCCCS, (Id. ¶78), do not allow a reasonable inference that Defendants are liable for the alleged deprivation of

Ayafar's constitutional rights. Accordingly, he has not stated plausible claims for relief against the State Board and NCCCS.

C. Leave to Re-Plead

Finally, the Court will not grant Aryafar leave to re-plead his first two causes of action to include individual officers of the State Board and NCCCS. A motion for leave to amend, under Rule 15(a)(2) of the Federal Rules of Civil Procedure, should be freely granted unless such amendment would be futile. Anand v. Ocwen Loan Servicing, 754 F.3d 195, 200 (4th Cir. 2014). As correctly noted by the magistrate judge, (Doc. No. 22: M&R at 6), naming a particular official could limit sovereign immunity under Ex Parte Young, 209 U.S. 123 (1908). However, the vindication of federal rights under that approach would be limited to prospective injunctive relief. Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004). This Court has already found that Aryafar is not entitled to injunctive relief, (Doc. No. 25: Order); therefore, it would be futile to allow him to re-plead to seek that remedy.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the magistrate judge's M&R, (Doc. No. 22), is **ADOPTED in part** and Defendants' Motion to Dismiss Plaintiff's first and second causes of action as to them, (Doc. No. 19), is **GRANTED**.

Signed: September 30, 2015

Robert J. Conrad, Jr.
United States District Judge

7